UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| IVAN CAPONE PRINCE, | No. 2:19-cv-0887 AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN COUNTY SHERIFF, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding pro se with a civil rights action. He has filed, as a single document, a motion for the appointment of counsel and a motion for an extension of time to file an application to proceed in forma pauperis. ECF No. 6. For the reasons stated below, plaintiff's motion for an extension of time to file his in forma pauperis application will be granted. His motion for the appointment of counsel, however, will be denied.

In support of the motion for an extension of time, plaintiff states that his mail is being tampered with at the jail.[1] ECF No. 6 at 2. Difficulty with mail warrants an extension of time for plaintiff to file his in forma pauperis application and related documents.

////

---

[1] Plaintiff also requests that his mail be sent to him "in a large yellow manilla [sic] type envelope." ECF No. 6 at 2 (brackets added). The court is unable to accommodate this request.

1

As for plaintiff's motion for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In support of his request for appointment of counsel, plaintiff states his uncertainty with respect to how to proceed throughout this action. See generally ECF No. 6 at 2. Plaintiff's uncertainty does not constitute an exceptional circumstance. Moreover, plaintiff's statement that he is in the process of trying to find an attorney to represent him in this matter (see ECF No. 6 at 2) further supports the court's denial of this request.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion filed June 6, 2019 (ECF No. 6) is DENIED IN PART and GRANTED IN PART as follows:

    a. Plaintiff's motion for the appointment of counsel is DENIED, and

    b. Plaintiff's motion for an extension of time to file his application to proceed in forma pauperis is GRANTED.

////

---

[2] To this end, plaintiff also asks the court to forward resources to him that might help him find a civil attorney. See ECF No. 6 at 2. The court is unable to provide such information or to give legal advice.

2. Plaintiff shall have thirty days from the date of this order within which to file an application to proceed in forma pauperis and to provide a certified copy of his jail trust account statement for the six-month period immediately preceding the filing of his complaint, per the court's May 22, 2019 order (see ECF No. 4).

DATED: June 17, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE