UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVIN CAPONE PRINCE,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOAQUIN COUNTY SHERIFF, et al.,<br><br>Defendants. | No. 2:19-cv-0887 KJM AC P<br><br><br>ORDER |

Plaintiff, a county inmate proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 11. In support of the motion, plaintiff states that his current placement in administrative segregation, among other factors, has made it difficult for him to access the law library. See id. at 1. In addition, plaintiff points to his lack of "law savvy" as well as his status as a mental health inmate. See id. at 1.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Having considered these guidelines as well as the statements plaintiff has provided in support of his request for the appointment of counsel, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, filed July 3, 2019 (ECF No. 11), is DENIED.

DATED: July 9, 2019.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE