UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVIN CAPONE PRINCE,<br><br>              Plaintiff,<br><br>     v.<br><br>SAN JOAQUIN COUNTY SHERIFF, et al.,<br><br>              Defendants. | No.  2:19-cv-0887 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983[1] and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 9, 13, 14.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).  Plaintiff has also filed a document which the court construes as a motion for release from prison.  See ECF No. 18.

  For the reasons stated below, the undersigned recommends that plaintiff's motion to proceed in forma pauperis be denied and that this action be summarily dismissed for failure to file

---

[1] In addition to the complaint, plaintiff has filed two documents which appear to be attempts to amend the complaint.  See ECF Nos. 15, 16.  Because the undersigned recommends that this action be dismissed for failure to file a proper in forma pauperis application or, in the alternative, to pay the filing fees, the significance of these documents and how they might relate to the original complaint – if at all – need not be addressed.

1

a completed application to proceed in forma pauperis or, in the alternative, to pay the filing and administrative fees. In addition, it will be recommended that plaintiff's motion for release be denied as moot.

I.     IN FORMA PAUPERIS APPLICATION

    A.     Relevant Facts

On May 16, 2019, plaintiff filed the instant civil rights complaint along with a motion to proceed in forma pauperis. ECF Nos. 1, 2. On May 22, 2019, finding that plaintiff had failed to fill out the certificate portion of the in forma pauperis application form and that he had yet to file a prison trust fund account statement, the court directed Clerk of Court to send plaintiff a new in forma pauperis application. See ECF No. 4 at 2. Plaintiff was then ordered to complete the affidavit and to submit the trust account statement information within thirty days. See id. at 2.

On June 12, 2019, plaintiff filed a letter along with an assortment of documents. See ECF No. 6. The Clerk of Court construed the documents in part as a motion for an extension of time to work on the instant action. See id. (docket entry). As a result, on June 17, 2019, the undersigned granted plaintiff an additional thirty days to file a proper in forma pauperis application. See ECF No. 7.

On June 19, 2019, plaintiff submitted a collection of documents consisting of an unintelligible letter which appeared to be a continuation of the complaint, an inmate grievance form, a note stating that the jail staff were not cooperating, and part of a trust account statement.[2] ECF No. 9. One of the first lines on the first page of the documents submitted read: "6 mos. Money statement (records for account)." See id. at 1.

On July 8, 2019, the court ordered plaintiff for a second time to file a properly completed in forma pauperis application, as well as certified copy of his trust fund account statement. See ECF No. 10. To that end, plaintiff was provided yet another in forma pauperis application and was given yet another thirty days to properly fill out and file the document. See id. 10 at 2. In addition, the order specifically directed the San Joaquin County Jail to submit a certified copy of

---

[2] For reasons that are unclear, the Clerk of Court identified these items as a prisoner trust fund account statement on the docket. See ECF No. 9 (docket entry).

1   plaintiff's jail trust fund account to the Clerk's Office and to do so within seventy-two hours.  See
2   id. at 3.

3      On July 22, 2019, plaintiff filed an application to proceed in forma pauperis on what
4   appears to be one of the several forms the court had sent him.  See ECF No. 13.  However, once
5   again, plaintiff failed to have the jail fill out and sign the certification portion of the application.
6   See id. at 2.  Plaintiff attached various unrelated documents to the application and wrote
7   rambling, conflicting statements on them.  See id. at 3-5.  For example, in one place plaintiff
8   asked the undersigned to dismiss the case (see id. at 3), yet in the following pages continued to
9   argue that his rights have been violated (see id. at 4-5).  On July 23, 2019, plaintiff's prisoner
10  trust fund account statement was filed along with unsolicited, unrelated grievance forms plaintiff
11  had filed in the San Joaquin County Jail.  See generally ECF No. 14.

12      B.   Discussion:  The In Forma Pauperis Application Remains Incomplete

13      Plaintiff is required to pay the statutory filing fee of $350.00 plus any applicable
14  administrative fees in order to proceed with this action.  This may be done either by paying the
15  fees outright or, in the alternative, by filing a properly completed in forma pauperis application.
16  See 28 U.S.C. §§ 1914(a), 1915(a)(1)-(2).

17      Plaintiff has been given multiple opportunities to comply with the rules of the court and
18  the court's orders as they relate to filing a properly completed in forma pauperis application.  He
19  has repeatedly failed to do so.  Plaintiff has yet to file an in forma pauperis application in which
20  the certification section has been completed.  Plaintiff has neither paid the fees nor submitted the
21  information required for in forma pauperis status to be considered.  For these reasons, the
22  undersigned recommends that plaintiff's motion to proceed in forma pauperis (ECF No. 13) be
23  denied as unsupported, and that this action be dismissed without prejudice.

24  II.   MOTION FOR RELEASE

25      A.   Relevant Facts

26      On May 6, 2020, plaintiff filed another letter with the court.  See ECF No. 18.  Although
27  the content is difficult to understand, it is clear that plaintiff seeks release from custody and the
28  court therefore construes the letter as a motion for release.  Plaintiff seeks release from the San

Joaquin County Jail in light of the length of his sentence, his ability to receive time credits, and the fact that he is a non-violent offender. See id. at 1.

      B.    Discussion

Release from custody is not a remedy available in a § 1983 action, which is the vehicle by which a prisoner may challenge conditions of confinement. Challenges to the fact or duration of custody must be brought in a petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). This court lacks authority to provide the requested relief. Accordingly, plaintiff's motion for release must be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 13) be DENIED;

2. Plaintiff's motion for release (ECF No. 18) be DENIED; and

3. This action be SUMMARILY DISMISSED for failure to file a completed in forma pauperis application or, in the alternative, to pay the filing and administrative fees.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 23, 2021

                                                  */s/ Allison Claire*
                                                  ALLISON CLAIRE
                                                  UNITED STATES MAGISTRATE JUDGE